**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| DITECH FINANCIAL LLC F/K/A GREEN TREE SERVICING LLC, <br><br> Plaintiff, <br><br> v. <br><br> SOMMERSET PARK HOMEOWNERS ASSOCIATION, et al., <br><br> Defendants. | Case No. 2:16-cv-01811-GMN-CWH <br><br> **ORDER** |

Presently before the court is plaintiff Ditech Financial LLC f/k/a Green Tree Servicing LLC's Motion to Substitute The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-2 as Real Plaintiff in Interest (ECF No. 64), filed on September 13, 2018. Defendant Sommerset Park Homeowners Association filed a response (ECF No. 68) on September 27, 2018. Defendant SFR Investments Pool 1, LLC filed a response (ECF No. 69) on September 27, 2018. Ditech filed a reply (ECF No. 72) on October 4, 2018.

This is a diversity action brought by Ditech after Sommerset Homeowners Association conducted a foreclosure on residential real property in Las Vegas, Nevada. After the foreclosure, there was a series of assignments of the deed of trust securing the loan, and the deed of trust eventually was assigned to Ditech. This case was administratively stayed for nearly two years pending all appeals of *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 154 (9th Cir. 2016). Ditech now moves to substitute non-party Bank of New York Mellon as the plaintiff in this case under Federal Rule of Civil Procedure 25(c), arguing the deed of trust was assigned from Ditech to Bank of New York Mellon during the litigation stay. Ditech provides a copy of a recorded assignment of deed of trust from Ditech to Bank of New York Mellon dated November 7, 2017. (Mot. to Substitute, Ex. A (ECF No. 64-1).)

Sommerset opposes the substitution, arguing that Ditech refused to provide it with underlying documentation of the assignment and that it is unclear how the assignment will impact discovery. SFR also opposes the substitution, echoing Sommerset's concerns about the lack of documentation of the assignment and arguing the court should not rely on argument of counsel and a photocopy of an assignment to authorize the substitution. SFR further argues it will be prejudiced by the substitution because it is unclear whether Ditech's prior discovery responses are binding on Bank of New York Mellon and because SFR will have to conduct additional unexpected discovery. SFR also references a 2012 memorandum by the Office of Inspector General, Department of Housing & Urban Development, regarding its findings regarding the conduct of five major mortgage lenders and servicers during the mortgage crisis, though it is unclear to the court how this memorandum relates to this particular dispute.

Ditech replies that Bank of New York Mellon is the record beneficiary of the deed of trust and that substituting it as the real party in interest changes nothing other than the name of the plaintiff. Ditech argues the substitution has no impact on the underlying facts or whether the HOA foreclosure extinguished the deed of trust. Ditech further argues it is pursuing declaratory relief and quiet title claims, not seeking to enforce the deed of trust, so the underlying documentation regarding the assignment is irrelevant. Regarding discovery, Ditech argues the remaining discovery period allows the other parties to address any issues that may arise.

Rule 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." It is within the court's discretion to allow a substitution under Rule 25 if it will "facilitate the conduct of the litigation." *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000) (quotation omitted). *See also Whitt v. Richland Holdings, Inc.*, No. 2:17-cv-00014-APG-NJK, 2018 WL 2972925, at *4 (D. Nev. Apr. 27, 2018) (citing Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil § 1958 at 696-504 (3d ed. 2010) ("Since the matter [of substitution] is discretionary, the court also may refuse substitution if this seems the wisest course."); *McComb v. Row River Lumber Co.*, 177 F.2d 129, 129 (9th Cir. 1949) (noting that "under Rule 25(c) it is not mandatory that a substitution be made

in every case of a transfer of interest")). "Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands." *Bernal*, 207 F.3d at 598 (quotation omitted).

Since the time Ditech's motion was filed, discovery has closed. The parties did not file any discovery motions, indicating they did not encounter any discovery-related difficulties based on the assignment that they were unable to resolve without court intervention. Thus, it does not appear there is any significant prejudice to the defendants based on the assignment. Since the motion to substitute was filed, Ditech, Sommerset, and SFR have briefed their motions for summary judgment. The court has reviewed the motions for summary judgment, which are pending before the United States district judge assigned to this case, and it does not appear to the undersigned that the recent assignment bears on the circumstances of the underlying foreclosure, which occurred years ago. On the other hand, given the case's advanced procedural posture and Ditech's extensive participation, the Bank's presence does not appear to be necessary to "facilitate the conduct of the litigation." Regardless, because Ditech has presented a recorded assignment indicating the Bank of New York Mellon is the current beneficiary of the deed of trust, and for the sake of clarity going forward, the court in its discretion will grant Ditech's motion to substitute parties.

IT IS THEREFORE ORDERED that plaintiff Ditech Financial LLC f/k/a Green Tree Servicing LLC's Motion to Substitute The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-2 as Real Plaintiff in Interest (ECF No. 64) is GRANTED.

IT IS FURTHER ORDERED that The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2006-2 is substituted for Ditech Financial LLC f/k/a Green Tree Servicing LLC as the plaintiff in this case.

DATED: April 9, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE