UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BANK OF NEW YORK MELLON, f/k/a Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-2,

    Plaintiff,

vs.

SOMMERSET PARK HOMEOWNERS ASSOCIATION, *et al.*,

    Defendants.

Case No.: 2:16-cv-01811-GMN-CWH

**ORDER**

Pending before the Court is the Motion for Partial Summary Judgment, (ECF No. 85), filed by Plaintiff Bank of New York Mellon ("Plaintiff").[1] Defendants SFR Investments Pool 1, LLC ("SFR") and Sommerset Park Homeowners Association ("HOA") (collectively "Defendants") filed Responses, (ECF Nos. 88, 90), and Plaintiff filed a Reply, (ECF No. 95).[2]

Also pending before the Court are the Motions for Summary Judgment, (ECF Nos. 84, 86), filed by Defendants. Plaintiff filed Responses to Defendants' Motions, (ECF Nos. 91, 92), HOA filed a Response to SFR's Motion, (ECF No. 89), and Defendants filed Replies in support of their summary-judgment Motions, (ECF Nos. 93, 95).

---

[1] The original Plaintiff in this case, Ditech Financial LLC ("Ditech"), previously moved the Court to substitute Bank of New York Mellon as plaintiff, (ECF No. 64), which the Court granted, (ECF No. 97). For simplicity, the Court will refer to both parties as "Plaintiff." Where necessary, the Court will refer to Bank of New York Mellon as "BNYM."

[2] Also pending are HOA's Motion to Dismiss, (ECF No. 62), and Plaintiff's Motion to Strike SFR's Response to the Motion to Dismiss, (ECF No. 73), which are fully briefed, (*See* ECF Nos. 65, 67, 72, 76, 77). In light of this Order, which resolves or moots all issues raised in both Motions, the Court denies the Motion to Dismiss and Motion to Strike.

For the reasons addressed below, Plaintiff's Motion for Partial Summary Judgment is **GRANTED** and Defendants' Motions for Summary Judgment are **DENIED**.

I.  **BACKGROUND**

This case arises from the non-judicial foreclosure on real property located at 6652 Lund Drive, Las Vegas, Nevada 89108 (the "Property"). (*See* Deed of Trust, ECF No. 85-1). In 2005, Liliana M. Morfin and Raul Chiang-Bueno ("Borrowers") financed their purchase of the Property by way of a loan in the amount of $228,000 secured by a deed of trust. (*Id.*). BNYM became beneficiary under the deed of trust through an assignment recorded on November 17, 2017. (*See* Assignments of Deed of Trust, ECF Nos. 85-2–85-5).

In July 2010, upon Borrowers' failure to pay all amounts due, HOA, through its agent Alessi & Koenig, LLC ("A&K"), initiated foreclosure proceedings on the Property. (*See* Notice of Lien, ECF No. 85-8); (Notice of Default, ECF No. 85-9). In December of that year, Bank of America, N.A. ("BANA"), Plaintiff's loan servicer at the time, sent A&K a letter requesting the superpriority portion of HOA's lien. (*See* Request for Accounting, Ex. 2 to Miles Bauer Aff., ECF No. 85-10). A&K responded with a payment history report from which BANA calculated nine months' worth of common assessments. (Payment History Report, Ex. 3 to Miles Bauer Aff.). On December 29, 2010, BANA sent A&K a check for $228.09, which A&K rejected. (Tender Letter, Ex. 4 to Miles Bauer Aff.); (*see also* A&K 30(b)(6) Dep. 46:24–47:5, ECF No. 85-11).

In November 2012, A&K proceeded with foreclosure proceedings, recording a notice of trustee's sale. (Notice of Sale, ECF No. 85-14). On December 5, 2012, A&K sold the Property to SFR for $7,800.00. (*See* Trustee's Deed Upon Sale, ECF No. 85-15).

Plaintiff filed this quiet title action on July 29, 2016, bringing the following causes of action arising from the foreclosure and subsequent sale of the Property: (1) quiet title with the requested remedy of declaratory relief; (2) breach of NRS 116.1113; (3) wrongful foreclosure;

and (4) injunctive relief. (*Id.* ¶¶ 29–77). On December 2, 2016, SFR filed an Answer asserting competing quiet title and injunctive relief counterclaims against Plaintiff, as well as crossclaims against Borrowers, Household Finance Realty Corporation of Nevada ("HFRC"), University Medical Center ("UMC"), and Allied Collection Services, Inc. ("Allied").[3] (*See* Answer 17:11–18:19, ECF No. 24).

II. **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp.*

---

[3] The parties stipulated to dismissing SFR's crossclaims against UMC, (ECF No. 47). As none of the other cross Defendants have appeared in this action, SFR has moved for clerk's entry of default, which the clerk entered on February 14, 2019, (ECF No. 87).

*Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249–50.

## III. DISCUSSION

Plaintiff moves for summary judgment on the quiet title claim, asserting that BANA's tender of payment to A&K preserved its deed of trust by extinguishing the HOA superpriority lien prior to the sale. (Pl.'s Mot. Summ. J. ("Pl.'s MSJ") 5:14–8:21, ECF No. 85). Plaintiff further contends that the deed of trust remains a valid encumbrance on the Property because the foreclosure was conducted pursuant to an unconstitutional statute and, alternatively, the Property's inadequate sales price, in conjunction with other evidence of unfairness, warrants setting aside the sale on equitable grounds. (*Id.* 8:22–14:11).

Defendants seek summary judgment on Plaintiff's claims on the grounds that the sale complied with NRS Chapter 116, Plaintiff cannot establish an equitable basis for setting aside the sale, and Plaintiff's constitutional arguments are premised upon outdated caselaw. (HOA's MSJ 7:1–13:13, ECF No. 84); (SFR's MSJ 14:15–21:18, ECF No. 86).

SFR, for its part, moves for summary judgment on its competing quiet title claim against Plaintiff, as well as its quiet title crossclaims against Borrowers, HFRC, and Allied. (SFR's MSJ 21:21–22:15). SFR also raises a statute-of-limitations defense and a standing argument, contending Plaintiff's quiet title claim is time-barred and Plaintiff cannot show it has standing to bring a quiet title claim. (*Id.* 9:14–14:13).

The Court begins with the threshold issues of the timeliness of Plaintiffs' action, Plaintiff's standing to assert a quiet title claim, and the constitutionality of NRS Chapter 116.

### A. Statute of Limitations

According to SFR, because Plaintiff's quiet title claim is premised upon breaches of statutory duties, particularly those codified in NRS Chapter 116, it is subject to the three-year limitations period under NRS 11.190. (SFR's MSJ 9:14–20, 11:25–14:13). Therefore, SFR asserts that Plaintiff's failure to file this action within three years of the foreclosure sale warrants dismissal of the quiet title claim. (*Id.*).

This Court has previously found that the five-year limitations period set forth in NRS 11.070 applies to a lender's quiet title claim in this context. *See, e.g.*, *Bank of Am., N.A. v. Woodcrest Homeowners Ass'n*, No. 2:16-cv-00309-GMN-GWF, 2019 WL 1441602, at *4 (D. Nev. Mar. 30, 2019); *Deutsche Bank Nat'l Tr. Co. v. SFR Invs. Pool 1, LLC*, No. 2:18-cv-00194-GMN-GWF, 2019 WL 1410887, at *3 (D. Nev. Mar. 28, 2019). Here, because Plaintiff brought this action less than five years after the December 5, 2012 foreclosure sale, the quiet title claim is timely and properly before the Court. (*See* Compl., ECF No. 1) (filed July 29, 2016).

**B. Standing**

According to SFR, Plaintiff lacks standing because it has neither produced "the original, wet-ink endorsed Note," nor demonstrated the "chain of ownership of the Note and the DOT." (SFR's Resp. to Pl.'s MSJ ("SFR's Resp.") 25:17–18, ECF No. 88). Both arguments are without merit.

It is well established that a quiet title action may be advanced by "any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013). Plaintiff seeks a declaration as to the viability of its lien interest relative to SFR's interest. SFR appears to conflate Plaintiffs' declaratory relief action with one for enforcement of the note and deed of trust through foreclosure. *See Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 258 (Nev. 2012) ("[*T*]*o foreclose*, one must be able to enforce both the promissory note and the deed of trust.") (emphasis added). As to SFR's chain-of-title contention, SFR offers no competing evidence to rebut BNYM's production of the deed of trust, as well as the subsequent assignments by which BNYM gained all beneficial interest in the same. (*See* Deed of Trust, ECF No. 85-1); (Assignments of Deed of Trust, ECF

Nos. 85-2–85-5). Accordingly, the Court rejects SFR's argument that BNYM is without standing to bring the instant quiet title action.

### C. Constitutionality of NRS Chapter 116

The parties dispute whether the Ninth Circuit's holding in in *Bourne Valley* compels the Court to find that Plaintiff's deed of trust survived the HOA foreclosure sale. *See Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016) (holding NRS Chapter 116's opt-in notice scheme is facially unconstitutional due to the absence of mandatory notice provisions).

As this Court has previously explained, in light of the Nevada Supreme Court's decision in *SFR Invs. Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248, 1252 (Nev. 2018) (en banc), *Bourne Valley* is no longer controlling law with respect to NRS Chapter 116's notice provisions and, consequently, its finding of facial unconstitutionality. *See Bank of Am., N.A. v. Falcon Point Ass'n*, 347 F. Supp. 3d 592, 597–99 (D. Nev. 2018). To the extent there is any lingering doubt, the Ninth Circuit Court of Appeals has recently put the issue to rest. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623–24 (9th Cir. 2019) ("*Bourne Valley* no longer controls the analysis, and we conclude that Nev. Rev. Stat. § 116.3116 *et seq.* is not facially unconstitutional on the basis of an impermissible opt-in notice scheme."). Accordingly, to the extent Plaintiff seeks to prevail based upon *Bourne Valley*, the Court rejects this theory.

### D. Tender of the Superpriority Portion of HOA's Lien

Plaintiff argues that BANA's presentment to A&K of a check for nine months' worth of HOA assessments constituted a valid and unconditional tender such that HOA's superpriority lien was extinguished. (Pl.'s MSJ 5:15–8:21). SFR responds that Plaintiff's tender was invalid because the letter accompanying payment contained impermissible conditions, including a requirement that HOA waive its rights under NRS Chapter 116. (SFR's Resp. 6:14–13:4).

Under NRS 116.3116, the holder of a first deed of trust may pay off the superpriority portion of an HOA lien to prevent the foreclosure sale from extinguishing the deed of trust. *See* NRS 116.31166(1); *see also SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 414 (Nev. 2014). The superpriority portion of the lien consists of "the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges," while the subpriority piece consists of "all other HOA fees or assessments." *SFR Invs.*, 334 P.3d at 411; *Horizons at Seven Hills Homeowners Ass'n v. Ikon Holdings, LLC*, 373 P.3d 66, 70–74 (Nev. 2016). In addition to a full tender of the superpriority amount, a "valid tender must be unconditional, or with conditions on which the tendering party has a right to insist." *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 118 (Nev. 2018) (en banc).

Plaintiff has come forward with evidence establishing that HOA's superpriority lien amounted to $228.09, or nine months of common assessments. (Payment History Report, Ex. 3 to Miles Bauer Aff., ECF No. 85-10). Plaintiff has also demonstrated that on December 29, 2010, BANA mailed a letter, enclosed with a $228.09 check, to A&K, which A&K subsequently rejected. (Tender Letter, Ex. 4 to Miles Bauer Aff.); (*see also* A&K 30(b)(6) Dep. 46:24–47:5, ECF No. 85-11). Finally, Plaintiff points to evidence in the record showing that Borrowers did not incur any nuisance and abatement charges at the time of BANA's tender. (*See* Payment History Report, Ex. 3 to Miles Bauer Aff.); (*see also* HOA 30(b)(6) Dep. 58:17–18, ECF No. 85-13).

Neither HOA nor SFR put forth competing evidence to create a factual dispute as to BANA's calculation of the superpriority amount, the absence of nuisance and abatement charges, or BANA's offer of payment. The remaining issue, therefore, is whether BANA's tender was either unconditional or limited to conditions on which BANA had a right to insist. *Bank of Am.*, 427 P.3d at 118.

In relevant part, BANA's tender letter provides:

> [E]nclosed you will find a cashier's check made out to [A&K] in the sum of $228.09, which represents the maximum 9 months worth of delinquent assessments recoverable by an HOA. This is a non-negotiable amount and any endorsement of said cashier's check on your part, whether express or implied, will be strictly construed as an unconditional acceptance on your part of the facts stated herein and express agreement that [BANA's] financial obligations towards the HOA in regards to [the Property] have now been "paid in full."

(*See* Tender Letter, Ex. 4 to Miles Bauer Aff.).

SFR contends that the tender letter is impermissibly conditional because A&K's acceptance would have categorically waived HOA's right to the nuisance-and-abatement portion of its superpriority lien. (SFR's Resp. MSJ 6:14–13:4). SFR's reasons that the tender letter omits any mention of nuisance and abatement charges, which HOA is statutorily entitled to include in its lien. (*Id.* 10:5–11:13). And because NRS Chapter 116's provisions may not be "varied by agreement," SFR argues that A&K's acquiescence to the tender letter's terms would have effectively stripped HOA's rights under the statutory scheme. (*Id.* 11:16–13:4) (citing NRS 116.1104).

To begin, the Court notes that the purportedly conditional language in this tender letter is virtually identical to language the Nevada Supreme Court has deemed unconditional and otherwise valid.[4] Therefore, to the extent SFR assigns impropriety to language in that paragraph, the argument necessarily fails. Specifically, with respect to the provision that an endorsement would be construed as acceptance of the letter's facts, the Court incorporates the

---

[4] The tender letter before the Nevada Supreme Court contained the following language:

> This is a non-negotiable amount and any endorsement of said cashier's check on your part, whether express or implied, will be strictly construed as an unconditional acceptance on your part of the facts stated herein and express agreement that [Bank of America]'s financial obligations towards the HOA in regards to the [property] have now been "paid in full."

*Bank of Am.*, 427 P.3d at 118.

reasoning of the Nevada Supreme Court and finds this language constitutes a condition on which BANA had the right to insist. *Bank of Am.*, 427 P.3d at 117. Furthermore, because there is no genuine dispute of fact that nuisance and abatement charges were not incurred during the relevant time period, A&K's acceptance would not have forced HOA to waive its right to this portion of the lien, as SFR urges.

SFR nevertheless argues that it is immaterial whether nuisance and abatement charges were incurred. On this point, SFR asserts that the Nevada Supreme Court's decision in *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 118 (Nev. 2018), has no bearing on this case because the argument SFR raises, invoking NRS 116.1104, was never raised in that case. (SFR's Resp. 13:1–4). Subsequent to that decision, however, the Nevada Supreme Court has repeatedly held that the purportedly conditional language in dispute here— requiring acceptance of the tender letter's facts and recognition that the payor's obligations have been satisfied in full—solely contemplates the facts and payment obligations at issue in the underlying foreclosure sale. *See, e.g.*, *Bank of Am., N.A. v. Thomas Jessup, LLC Series VII*, 435 P.3d 1217, 1220 n.3 (Nev. 2019) (clarifying that "the 'paid in full' condition . . . pertain[s] solely to the default referenced in [the tender] letter and d[oes] not purport to absolve the deed of trust beneficiary of any future obligation to cure a subsequent superpriority default."); *Sage Realty LLC Series 2 v. Bank of New York Mellon as Tr. for Certificateholders of the CWABS, Inc.*, 432 P.3d 191 (Nev. Dec. 11, 2018) (unpublished) ("The letter refers to 'the facts stated herein,' which can only be reasonably construed as contemplating the underlying foreclosure proceeding and not a future scenario . . . ."); *Deutsche Bank Nat'l Tr. Co. v. Premier One Holdings, Inc.*, 431 P.3d 55 (Nev. Dec. 4, 2018) (unpublished) (same). Thus, contrary to SFR's position, the assessment of nuisance and abatement charges is material in determining the validity of an attempted tender. And because there is no genuine dispute here that nuisance and

abatement charges were not incurred, the letter's omission of such charges does not render the language improperly conditional or invalid.

In sum, BANA's attempted payment of $288.06 to A&K constituted an unconditional offer to pay an amount equivalent to the HOA superpriority lien. To the extent BANA's letter placed conditions on A&K and HOA's acceptance, the conditions were those on which BANA had a right to insist. In the absence of factual disputes on these points, BANA's tender cured the default as to HOA's superpriority lien, thus invalidating the sale to the extent it purported to extinguish the first deed of trust. While the foreclosure sale remains intact, SFR purchased the Property subject to Plaintiff's deed of trust. Accordingly, the Court grants Plaintiff summary judgment on its quiet title claim.

### E. Plaintiff's Remaining Claims for Breach of NRS 116.1113, Wrongful Foreclosure, and Injunctive Relief

In its prayer for relief, Plaintiff requests primarily an order declaring that "SFR purchased the property subject to [Plaintiff's] senior deed of trust." (*See* Compl. 14:19–20, ECF No. 1). The other relief requested—with the exception of injunctive relief—is phrased in the alternative. (*See id.* 14:21–15:4). Therefore, because the Court grants summary judgment for Plaintiff on its quiet title claim, Plaintiff has received the relief it requested. The Court accordingly dismisses Plaintiff's breach of NRS 116.1113 and wrongful foreclosure claims as moot. As to Plaintiff's request for a preliminary injunction pending a determination by the Court concerning the parties' respective rights and interests, the Court's grant of summary judgment for Plaintiff moots this claim and is therefore dismissed.

### F. SFR's Quiet Title Claim against Borrowers, Allied, and HFRC

SFR requests that the Court enter summary judgment in its favor on its quiet title claim against Borrowers on the basis that SFR purchased Borrowers' Property without equity or right of redemption. (SFR's MSJ 21:21–25). SFR also moves for summary judgment against HFRC

and Allied, the holders of the second deed of trust and a judgment lien against the Property, respectively. (*Id.* 22:1–13).

The Court notes that Borrowers, HFRC, and Allied have not appeared in this action. As stated above, SFR has previously moved for clerk's entry of default, which the clerk of court entered on February 14, 2019. (*See* Clerk's J., ECF No. 87). In light of SFR having attained a clerk's entry of default as to these Defendants, the Court finds that SFR's requested relief is most appropriately raised in a motion for default judgment. *See* Fed. R. Civ. P. 55(b).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment, (ECF No. 85), is **GRANTED** consistent with the foregoing.

**IT IS FURTHER ORDERED** that Defendants' Motions for Summary Judgment, (ECF Nos. 84, 86), are **DENIED**.

**IT IS FURTHER ORDERED** that HOA's Motion to Dismiss, (ECF No. 62), and Plaintiff's Motion to Strike, (ECF No. 73), are **DENIED as MOOT**.

**IT IS FURTHER ORDERED** that in the event SFR seeks default judgment against Borrowers, HFRC, and Allied, SFR shall file a motion for default judgment within twenty-eight (28) days of this Order's issuance. Otherwise, SFR shall file a status report within this deadline apprising the Court as to how it intends to proceed against Borrowers, HFRC, and Allied.

**DATED** this 10 day of July, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court