# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF NEW YORK MELLON, f/k/a Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-2,<br><br>     Plaintiff,<br> vs.<br><br>SOMMERSET PARK HOMEOWNERS ASSOCIATION, *et al.*,<br><br>     Defendants. | Case No.: 2:16-cv-01811-GMN-DJA<br><br>**ORDER** |

Pending before the Court are the Motions for Default Judgment, (ECF Nos. 100, 102–03), filed by Defendant SFR Investments Pool 1, LLC ("SFR"), against Cross-Defendants Liliana M. Morfin and Raul Chiang-Bueno ("Borrowers"), Household Finance Realty Corporation ("HFRC"), and Allied Collection Services, Inc. ("Allied") (collectively "Cross-Defendants"). For the reasons addressed below, SFR's Motions for Default Judgment are **GRANTED**.

**I. BACKGROUND**[1]

This case arises from the non-judicial foreclosure on real property located at 6652 Lund Drive, Las Vegas, Nevada 89108 (the "Property"). (*See* Deed of Trust, ECF No. 85-1). Borrowers financed their purchase of the Property in 2005 by way of a loan in the amount of $228,000 secured by a deed of trust. (*Id.*). Plaintiff Bank of New York Mellon ("Plaintiff")

---

[1] The summary that follows is limited to facts necessary to decide the presents Motions.

became beneficiary under the deed of trust through an assignment recorded on November 17, 2017. (*See* Assignments of Deed of Trust, ECF Nos. 85-2–85-5).

Upon Borrowers' failure to pay all amounts due, Sommerset Park Homeowners Association ("HOA"), through its agent Alessi & Koenig, LLC ("A&K"), initiated foreclosure proceedings on the Property. Pursuant to NRS Chapter 116, A&K recorded a notice of delinquent assessment lien, following by a notice of default and election to sell. (*See* Notice of Lien, ECF No. 85-8); (Notice of Default, ECF No. 85-9).

Prior to the sale, Bank of America, N.A. ("BANA"), Plaintiff's loan servicer at the time, sought to preserve the first deed of trust by satisfying the HOA superpriority lien. (*See* Request for Accounting, Ex. 2 to Miles Bauer Aff., ECF No. 85-10). On December 29, 2010, BANA sent A&K a check for $228.09, which A&K rejected. (Tender Letter, Ex. 4 to Miles Bauer Aff.); (*see also* A&K 30(b)(6) Dep. 46:24–47:5, ECF No. 85-11). A&K proceeded with foreclosure proceedings, recording a notice of trustee's sale. (Notice of Sale, ECF No. 85-14). On December 5, 2012, A&K sold the Property to SFR for $7,800.00. (*See* Trustee's Deed Upon Sale, ECF No. 85-15).

On July 10, 2019, the Court issued its decision with respect to HOA, SFR, and Plaintiff's motions for summary judgment. (*See* Order, ECF No. 98). The Court granted Plaintiff summary judgment on its quiet title claim on the basis that BANA, Plaintiff's predecessor in interest, validly tendered the HOA superpriority lien, thus invalidating the sale insofar as it purported to extinguish the deed of trust. (*Id.* 11:3–10). Rather than unwinding the foreclosure sale, however, the Court issued a declaration stating SFR purchased the Property subject to Plaintiff's first deed of trust, which continues to encumber the Property. (*Id.*). As such, the Court denied SFR's motion for summary judgment on Plaintiff's quiet title claim and on SFR's competing quiet title claim. (*Id.* 12:9–12).

Following the Court's Order, SFR filed the Motions presently before the Court against Cross-Defendants, who SFR alleges purport to claim junior, adverse interests in the Property. Specifically, SFR seeks default judgment against: (1) Borrowers, who granted the first deed of trust to Plaintiff's predecessors in interest; (2) HFRC, the holder of the second deed of trust executed by Borrowers; and (3) Allied, who secured a default judgment against Borrowers in state court. (*See* Second Deed of Trust, Ex. 1-B to Mot. for Default J., ECF No. 100-3); (Assignments, ECF Nos. 100-4, 100-5); (*See* Order Granting Default J., ECF No. 100-6).

## II.  LEGAL STANDARD

Obtaining a default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the moving party must seek an entry of default from the clerk of court. Fed. R. Civ. P. 55(a). Then, after the clerk of court enters default, a party must separately seek entry of default judgment from the court in accordance with Rule 55(b). Fed R. Civ. P. 55(b). Upon entry of a clerk's default, the court takes the factual allegations in the complaint as true. Nonetheless, while the clerk's entry of default is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). Instead, whether to grant a default judgment is in the court's discretion. *Id.*

The Ninth Circuit has identified several relevant factors in determining whether to grant default judgment including: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong public policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

## III. DISCUSSION

SFR moves for default judgment against Borrowers, HFRC, and Allied, requesting declaratory relief with respect to its crossclaims. SFR has initiated the two-step process required by Rule 55 by moving for clerk's entry of default against Cross-Defendants, (ECF Nos. 80–84), which the clerk of court subsequently entered, (ECF No. 87). In accordance with Rule 55(b), SFR brings the present Motions.

Upon reviewing the documents and pleadings on file in this matter, the Court finds that the *Eitel* factors support entry of default judgment in favor of SFR, and against Cross-Defendants. The first *Eitel* factor weighs in favor of default judgment. A defendant's failure to respond or otherwise appear in a case "prejudices a plaintiff's ability to pursue its claims on the merits," and therefore satisfies this first factor. *See, e.g.*, *Nationstar Mortg. LLC v. Operture, Inc.*, No. 2:17-cv-03056-GMN-PAL, 2019 WL 1027990, at *2 (D. Nev. Mar. 4, 2019); *ME2 Prods., Inc. v. Sanchez*, No. 2:17-cv-667-JCM-NJK, 2018 WL 1763514, at *1 (D. Nev. Apr. 12, 2018); *see also PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery.").

Regarding the second and third *Eitel* factors, the Court finds SFR's crossclaims for quiet title, with a requested remedy of declaratory relief, are sufficiently pleaded and meritorious as to the Cross-Defendants. "A plea to quiet title does not require any particular elements, but 'each party must plead and prove his or her own claim to the property in question' and a 'plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (quoting *Yokeno v. Mafnas*, 973 F.2d 803, 808 (9th Cir. 1992)).

SFR alleges that to the extent Borrowers, HFRC, and Allied purport to claim an interest in the Property, SFR's purchase of the same extinguished those interests by operation of NRS

Chapter 116. (*See* SFR's Answer 16:28–17:7, 17:20–18:3, ECF No. 24). Per the Court's Order on the parties' summary-judgment motions, the HOA sale is only void to the extent it extinguished the deed of trust by foreclosure of the HOA superpriority lien. (*See* Order 11:3–10, ECF No. 98); *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 121 (Nev. 2018) ("[A]fter a valid tender of the superpriority portion of an HOA lien, a foreclosure sale on the entire lien is void as to the superpriority portion . . . .").

Stated differently, the Court's Order did not impact SFR's purchase of the Property, or the sale's extinguishment of the subpriority portion of the HOA lien. Consequently, the foreclosure of the subpiority portion of the HOA lien, following SFR's purchase, caused the extinguishment of all junior liens. *See, e.g.*, *Cogburn St. Tr. v. U.S. Bank Nat'l Ass'n as Tr. to Wachovia Bank, Nat'l Ass'n*, 442 P.3d 138 (May 31, 2019, Nev. 2019) (unpublished) ("[T]he Bank's tender extinguished the HOA's superpriority lien. As a result, the HOA foreclosure sale necessarily only included the subpriority lien . . . . A valid foreclosure on a lien extinguishes all junior liens, but all senior liens remain.") (citing *SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 414 (Nev. 2014)); *see also* Restatement (Third) of Prop.: Mortgages § 7.1 (1997) ("A valid foreclosure of a mortgage terminates all interests in the foreclosed real estate that are junior to the mortgage being foreclosed and whose holders are properly joined or notified under applicable law."). Therefore, SFR is entitled to a declaration that its interest in the Property is superior to any purported interest of Borrowers, HFRC, and Allied, to the extent they assert any adverse interest in the Property.

The fourth factor weighs in favor of default judgment because SFR seeks only declaratory relief and no monetary damages against Cross-Defendants. (SFR's Answer 18:21–25); (Mot. for Default J. 5:2–6, ECF No. 101). The fifth *Eitel* factor, which concerns the possibility of a dispute regarding material facts, favors SFR. Courts have recognized that, "[o]nce the clerk enters a default, the well-pleaded factual allegations of the [moving party's]

complaint are taken as true, except for those allegations relating to damages." *ME2 Prods.*, 2018 WL 1763514, at *2 (quoting *O'Brien v. United States*, No. 2:07-cv-00986-GMN-GWF, 2010 WL 3636171, at *4 (D. Nev. Sept. 9, 2010)). Taking SFR's allegations as true, Cross-Defendants possessed interests in the Property junior to that of Plaintiff, which was subsequently extinguished upon SFR's purchase. (SFR's Answer 16:28–17:7, 17:20–22).

With respect to the sixth *Eitel* factor, the Court finds that Cross-Defendants' failure to appear was not the result of excusable neglect. Cross-Defendants were served in December 2016, (ECF Nos. 37–38, 42–43), and their answers were due in early January 2017. The clerk of court entered default against Cross-Defendants on February 14, 2019, (ECF No. 87), and SFR filed the present Motions on August 7, 2019, (ECF Nos. 100, 102–03). Cross-Defendants' failure to appear or otherwise file anything with respect to this action during this time period counsels against a finding of excusable neglect. *See ME2 Prods.*, 2018 WL 1763514, at *3; *O'Brien*, 2010 WL 3636171, at *6.

The seventh and final *Eitel* factor concerns public policy considerations. While public policy generally favors disposition on the merits, the Court concludes that default judgment is appropriate in light of the other *Eitel* factors.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that SFR's Motions for Default Judgment, (ECF Nos. 100, 102, 103), are **GRANTED**. Default Judgment is **GRANTED** in favor of SFR and against Borrowers, HFRC, and Allied as to SFR's quiet title/declaratory relief claims.

The Clerk of Court is instructed to close this case.

**DATED** this __26__ day of August, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court